## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| LUIS FARGAS, | Civil No. 06-3267 (JRT/JSM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS, OFFICER VAVRA, OFFICER SMITH, and LT. MILLER, FBOP Correctional Official, | |
| Defendants. | |

Luis Fargas, #16873-424, FCI Coleman Medium, P.O. Box 1032, Coleman, FL 33521, plaintiff *pro se*.

Mary J. Madigan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

This case is before the Court on plaintiff Luis Fargas's objections to a Report and Recommendation issued by United States Magistrate Judge Janie S. Mayeron on January 23, 2008. After a *de novo* review of those objections, *see* 28 U.S.C. § 636(b)(1), Local Rule 72.2(b), the Court adopts the Report and Recommendation for the reasons stated below.

### BACKGROUND

The full factual background of this matter is set forth in the Report and Recommendation of the Magistrate Judge. That background is summarized here only to

the extent necessary to assess plaintiff's brief objections to the legal principles applied by the Magistrate Judge.

This case arises out of an assault suffered by plaintiff while he was incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester").  On March 27, 2006, plaintiff was directed by Bureau of Prisons ("BOP") staff to move into a cell with Trini Rivas, another inmate.  Plaintiff alleges that he informed defendants Don Vavra[1] and Steve Smith – both correctional officers at FMC-Rochester – that Rivas was a dangerous gang member, and that plaintiff would be at risk if the two were housed together.  Plaintiff also alleges that Rivas told these defendants that he would react violently if he was given a cellmate.  Defendants nonetheless proceeded with the planned move, and almost immediately after plaintiff was placed in Rivas's cell, Rivas attacked him.  Plaintiff alleges that the defendants waited an unusually long time before breaking up the fight, and that he was refused proper medical treatment and pain medications by the FMC-Rochester medical staff.

Plaintiff alleges that in the months that followed, he attempted to exhaust all administrative remedies available through the BOP.  Following these efforts, on August 8, 2006, plaintiff filed a complaint in federal district court against the United States of America, the Federal Bureau of Prisons ("BOP"), Vavra, Smith, and Lt. Miller, another BOP official.  The Magistrate Judge construed that complaint to include claims arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) – for Vavra and Smith's actions in conjunction with his assault and for medical negligence on the part

---

[1] Defendant Vavra's name is misspelled in plaintiff's complaint.

of FMC-Rochester – and *Bivens* claims arising under the Fifth and Eighth Amendments of the United States Constitution.[2] Defendants then moved to dismiss the complaint in its entirety. Following a lengthy review of plaintiff's claims – and, in particular, of plaintiff's efforts to exhaust his administrative remedies – the Magistrate Judge recommended granting defendants' motion as follows: (1) dismissing without prejudice plaintiff's FTCA medical negligence claim, on the ground that plaintiff failed to properly exhaust available administrative remedies, *see* 28 U.S.C. § 2675(a); (2) dismissing with prejudice plaintiff's FTCA claims relating to the actions associated with his assault, on the ground that these actions fell under the FTCA's discretionary-function exception, *see* 28 U.S.C. § 2680(a); and (3) dismissing with prejudice plaintiff's *Bivens* claims, on the ground that plaintiff failed to exhaust administrative remedies for this claim as well, and was now time-barred from pursuing those remedies in the future. *See* 42 U.S.C. § 1997e(a). Plaintiff's objections followed.

## ANALYSIS

Plaintiff has filed two objections, both concerning his *Bivens* claims. First, plaintiff accurately notes that the Magistrate Judge converted defendants' motion to dismiss his *Bivens* claims to a motion for summary judgment. Plaintiff contends that this took the matter "outside of the scope of the magistrate's duties." This is not so. Plaintiff is correct that 28 U.S.C. § 636(b)(1)(A) does not allow a magistrate judge to "determine"

---

[2] The substance of these claims is not at issue in plaintiff's objections. As background, plaintiff's constitutional claims arise out of allegations that defendants impeded his access to the prison's administrative remedy process and the courts, and failed to ensure he was incarcerated in a secure area.

a summary judgment motion. The next provision in that statute, however, expressly permits a federal district judge to designate a magistrate judge to hold hearings on such motions. 28 U.S.C. § 636(b)(1)(B). The magistrate judge must then propose findings of facts and recommendations to the presiding district judge, and the parties are permitted to make objections to that proposal. 28 U.S.C. § 636(b)(1). The district judge then reviews those objections *de novo*. *Id*. That is the process that was followed here, and the Magistrate Judge did nothing to exceed the scope of her authority.

Plaintiff next argues that his *Bivens* claims should not have been dismissed on exhaustion grounds, because the available administrative remedies did not provide for the possibility of damages.[3] In support of this proposition, plaintiff cites to the Supreme Court's decision in *McCarthy v. Madigan*, 503 U.S. 140 (1992). Plaintiff is correct that in *McCarthy*, the Court held that "uncertainty of the administrative agency's authority to award relief counsels against requiring exhaustion." 503 U.S. at 154. *McCarthy*, however, has been squarely overruled on this point. In 1996, Congress passed the Prison Litigation Reform Act of 1995, which amended the very provision the Court had relied on in finding an exception to the exhaustion requirement. In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court analyzed this amendment and determined that *McCarthy* had been overruled, concluding that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. at 741.

---

[3] At the end of his objections, plaintiff also briefly mentions his FTCA medical negligence claim. It is unclear whether he intended for the *McCarthy* argument to apply to that claim as well. Even if this is so, however, the *McCarthy* argument would run into the same obstacle there that it faced in connection with plaintiff's *Bivens* claims.

-5-

Thus, any lack of damages available in conjunction with the prison's administrative remedies is no help to plaintiff. Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, plaintiff's the Court **OVERRULES** plaintiff's objections [Docket No. 33] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated January 23, 2008 [Docket No. 32]. **IT IS HEREBY ORDERED** that

1.   Defendants' Motion to Dismiss [Docket No. 12] is **GRANTED**.

2.   Plaintiff's FTCA medical negligence claim is **DISMISSED WITHOUT PREJUDICE**.

3.   Plaintiff's *Bivens* claims and his FTCA claim pertaining to his placement in a cell with inmate Rivas and the response by officers to his assault are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   March 13, 2008                       s/ John R. Tunheim         _
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                             United States District Judge